IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE ATLAS ROOFING CORPORATION CHALET SHINGLE PRODUCTS LIABILITY LITIGATION<br><br>BRIAN DAVID SELTZER on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>ATLAS ROOFING CORPORATION,<br><br>    Defendant. | MDL DOCKET NO. 2495<br>1:13-md-2495-TWT<br><br><br><br><br><br><br><br>CIVIL ACTION FILE<br>NO. 1:13-CV-4217-TWT |

**OPINION AND ORDER**

This is one of a number of actions arising out of the marketing and sale of allegedly defective roofing shingles. It is before the Court on the Defendant Atlas Roofing Corporation's Motion to Dismiss [Doc. 2] Counts II and IV of the Plaintiff Brian Seltzer's Complaint. For the reasons set forth below, the Defendant's Motion to Dismiss [Doc. 2] is GRANTED in part and DENIED in part.

## I. Background

The Plaintiff Brian Seltzer is a purchaser of the Atlas Chalet Shingles ("Shingles"), which are designed, manufactured, and sold by the Defendant Atlas Roofing Corporation ("Atlas").[1] Atlas represented and continues to represent – in marketing material and on the Shingles packaging – that the Shingles meet applicable building codes and industry standards.[2] Atlas also provides a limited thirty-year warranty against manufacturing defects.[3]

The Plaintiff claims that the Shingles are defective due to a flaw in the manufacturing process. This process – which allegedly does not conform to applicable building codes and industry standards – "permits moisture to intrude into the Shingles, creating a gas bubble that expands when the Shingles are exposed to the sun resulting in cracking, blistering and premature deterioration of the Shingles."[4] The Plaintiff filed a class action lawsuit in the United States District Court for the Southern District of Ohio,[5] asserting claims for: strict products liability (Count I), negligent design and

---

[1] Compl. ¶¶ 5-6.

[2] Compl. ¶ 40.

[3] Compl. ¶ 39.

[4] Compl. ¶ 46.

[5] "[I]n multidistrict litigation under 28 U.S.C. § 1407, the transferee court applies the state law that the transferor court would have applied." In re Conagra

manufacturing (Count II), unjust enrichment (Count III), breach of express warranty (Count V), and breach of the implied warranty of merchantability (Count VI). The Plaintiff seeks both damages and equitable relief.[6] The Defendant moves to dismiss Count II and the Plaintiff's request for equitable relief.

## II. Legal Standard

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief.[7] A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely."[8] In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most

---

Peanut Butter Products Liab. Litig., 251 F.R.D. 689, 693 (N.D. Ga. 2008); see also In re Temporomandibular Joint (TMJ) Implants Products Liab. Litig., 97 F.3d 1050, 1055 (8th Cir. 1996) ("When considering questions of state law, however, the transferee court must apply the state law that would have applied to the individual cases had they not been transferred for consolidation."). Here, both parties appear to agree that Ohio law governs the Plaintiff's state law claims.

[6]   The Plaintiff's request for declaratory relief was labeled Count IV.

[7]   Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009); F<small>ED</small>. R. C<small>IV</small>. P. 12(b)(6).

[8]   Bell Atlantic v. Twombly, 550 U.S. 544, 556 (2007).

favorable to the plaintiff.[9] Generally, notice pleading is all that is required for a valid complaint.[10] Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.[11]

### III. Discussion

#### A. Declaratory and Injunctive Relief

The Plaintiff requests that the Court issue a declaratory judgment stating that:

a. The Shingles [have] a defect which results in premature failure;
b. Defendant's warranty fails of its essential purpose;
c. Defendant's warranty is void as unconscionable[.][12]

In addition, the Plaintiff also requests that the Court issue an injunction mandating that:

d. Defendant must notify owners of the defect;
e. Defendant will reassess all prior warranty claims and pay the full costs of repairs and damages; and

---

[9] See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983); see also Sanjuan v. American Bd. of Psychiatry and Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination").

[10] See Lombard's, Inc. v. Prince Mfg., Inc., 753 F.2d 974, 975 (11th Cir. 1985), cert. denied, 474 U.S. 1082 (1986).

[11] See Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Twombly, 127 S. Ct. at 1964).

[12] Compl. ¶ 94.

> f. Defendant will pay the costs of inspection to determine whether any Class member's Shingles [need] replacement.[13]

To begin, the Plaintiff's request for injunctive relief must be dismissed. Injunctive relief is only appropriate "when [a] legal right asserted has been infringed," and there will be irreparable injury "for which there is *no adequate legal remedy*."[14] Here, the Defendant argues – correctly – that the Plaintiff does not even allege that legal remedies would be inadequate. Monetary damages would sufficiently compensate the Plaintiff for the Shingles that have blistered and/or cracked. In response, the Plaintiff argues that he is allowed to plead alternative and inconsistent claims. But the problem here is not that the Plaintiff's request for injunctive relief is inconsistent with his other claims, it is that he has failed to state a plausible claim for injunctive relief to begin with.[15]

---

[13] Compl. ¶ 94.

[14] Alabama v. U.S. Army Corps of Engineers, 424 F.3d 1117, 1127 (11th Cir. 2005) (emphasis added).

[15] As a technical matter, the Court must dismiss the Plaintiff's first requested injunction – that the Defendant must notify owners of the defect – on jurisdictional grounds. "[S]tanding is a threshold jurisdictional question which must be addressed prior to . . . the merits of a party's claims." Bochese v. Town of Ponce Inlet, 405 F.3d 964, 974 (11th Cir. 2005) (internal quotation marks omitted). "In the absence of standing, a court is not free to opine in an advisory capacity about the merits of a plaintiff's claims." Id. "To have Article III standing to pursue injunctive relief . . . a plaintiff must have . . . an injury in fact that is capable of being redressed by the injunction." Virdi v. Dekalb Cnty. Sch. Dist., 216 Fed. Appx. 867, 871 (11th Cir. 2007). Here, the Defendant correctly notes that the Plaintiff would not benefit

To receive declaratory relief, however, the Plaintiff does not have to establish irreparable injury or the inadequacy of legal remedies.[16] In moving to dismiss the claim for declaratory relief, the Defendant first argues that the Plaintiff does not have standing because the requested declarations will not redress his injury. To satisfy the constitutional case-or-controversy requirement, "[a] plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief."[17] "[A] plaintiff seeking only . . . declaratory relief must prove not only an injury, but also a 'real and immediate threat' of future injury in order to satisfy the 'injury in fact' requirement."[18] The Plaintiff may establish redressability if he shows that the "practical consequence" of the declaratory relief "would amount to a significant increase in the likelihood that the plaintiff would

---

from this injunction. If, during this litigation, it is established that the Shingles are indeed defective, it is unclear what the Plaintiff would gain from having the Defendant simply notify him of this fact.

[16] See Aetna Life Ins. Co. of Hartford, Conn. v. Haworth, 300 U.S. 227, 241 (1937) ("[A]llegations that irreparable injury is threatened are not required."); Katzenbach v. McClung, 379 U.S. 294, 296 (1964) ("Rule 57 of the Federal Rules of Civil Procedure permits declaratory relief although another adequate remedy exists.").

[17] Allen v. Wright, 468 U.S. 737, 751 (1984).

[18] Koziara v. City of Casselberry, 392 F.3d 1302, 1305 (11th Cir. 2004) (internal quotation marks omitted).

obtain relief that directly redresses the injury suffered."[19] Here, the requested declarations – e.g., that the Shingles are defective – would make it more likely that the Plaintiff would obtain the necessary relief from the Defendant because it would establish an essential component to liability. And although the Plaintiff's remaining claims may provide more direct relief, the Declaratory Judgment Act allows a plaintiff to seek a declaration of rights "whether or not further relief is or could be sought."[20]

The Defendant then argues that the Court ought to use its discretion to decline the Plaintiff's declaratory relief request because it overlaps with other claims brought in this action.[21] For example, the Defendant argues that many of the Plaintiff's other claims will require a determination as to whether the Shingles were defective. "Since its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants."[22] "In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of

---

[19] Utah v. Evans, 536 U.S. 452, 464 (2002).

[20] 28 U.S.C. § 2201.

[21] Def.'s Mot. to Dismiss, at 13-15.

[22] Wilton v. Seven Falls Co., 515 U.S. 277, 286 (1995).

practicality and wise judicial administration."[23] "[T]he range of considerations available to the district court in deciding whether to entertain the declaratory action is vast."[24] The Eleventh Circuit "has previously recognized convenience of the parties . . . as relevant."[25] Here, the Plaintiff's argument is that – assuming he successfully obtains class certification – there may be class members whose Shingles have not yet blistered or cracked. Consequently, he argues, they will not have ripe claims for breach of warranty and products liability. Thus, there will be no redundancy for these class members because – at the time of litigation – they will *only* qualify for

---

[23] Id. at 288.

[24] Manuel v. Convergys Corp., 430 F.3d 1132, 1137-38 (11th Cir. 2005).

[25] Id. at 1135.

declaratory relief.[26] This is a permissible purpose for seeking declaratory relief.[27] And given that the Court will have to resolve nearly identical factual issues with the other claims, it would be an efficient use of judicial resources to permit this declaratory judgment claim.

Finally, the Defendant argues that the Plaintiff's declaratory judgment claim must be dismissed because it abridges the Defendant's right to a jury trial. But as the Eighth Circuit Court of Appeals has explained, "[a] litigant is not necessarily deprived of a jury trial merely because it is a party to a declaratory judgment action . . . if there

---

[26] The Seventh Circuit explained the mechanics of such an approach when it affirmed a district court's decision to certify two classes in a products liability suit:

The court split the purchasers of windows into two groups: those who have replaced their windows, and those who have not. Those who have replaced their windows are properly members of the (b)(3) class because they require the award of damages to make them whole. Those who have not replaced their windows but might in the future because of the purported design flaw are properly members of a (b)(2) class. Such purchasers would want declarations that there is an inherent design flaw, that the warranty extends to them and specific performance of the warranty to replace the windows *when they manifest the defect*, or final equitable relief.

Pella Corp. v. Saltzman, 606 F.3d 391, 395 (7th Cir. 2010) (emphasis added).

[27] See Hardware Mut. Cas. Co. v. Schantz, 178 F.2d 779, 780 (5th Cir. 1949) ("The purpose of the Declaratory Judgment Act is to settle 'actual controversies' before they ripen into violations of law or a breach of some contractual duty."); Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671-72 (1950) ("The Declaratory Judgment Act allowed relief to be given by way of recognizing the plaintiff's right even though no immediate enforcement of it was asked.").

would have been a right to a jury trial on the issue had it arisen in an action other than one for declaratory judgment, then there is a right to a jury trial in the declaratory judgment action."[28] Accordingly, the Plaintiff may pursue his claim for declaratory relief for now.

### B. Negligent Design and Manufacturing

The Defendant argues that the Plaintiff's negligent design and manufacturing claim is partially preempted by the Ohio Product Liability Act ("OPLA"). "The Ohio Product Liability Act was intended to 'abrogate all common law product liability claims or causes of action.'"[29] The OPLA defines "product liability claim" as a claim "that seeks to recover compensatory damages from a manufacturer or supplier for death, physical injury to person, emotional distress, or physical damage to property *other than the product in question*, that allegedly arose from . . . (a) The design . . .

---

[28] Northgate Homes, Inc. v. City of Dayton, 126 F.3d 1095, 1098-99 (8th Cir. 1997); see also Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 504 (1959) ("[T]he Declaratory Judgment Act . . . specifically preserves the right to jury trial for both parties."); Simler v. Conner, 372 U.S. 221, 223 (1963) ("The fact that the action is in form a declaratory judgment case should not obscure the essentially legal nature of the action. The questions involved are traditional common-law issues which can be and should have been submitted to a jury under appropriate instructions as petitioner requested . . . [and] the courts below erred in denying petitioner the jury trial guaranteed him by the Seventh Amendment.").

[29] Roshong v. Fitness Brands Inc., 3:10CV2656, 2012 WL 1899696, at *2 (N.D. Ohio May 24, 2012) (quoting O.R.C. § 2307.71(B)).

[or] production . . . of that product . . . ."[30] Thus, the OPLA does not prevent a plaintiff from asserting a common law claim against a products designer or manufacturer if the plaintiff is only seeking recovery for economic loss.[31] Here, both parties agree that the Plaintiff's negligence claim is preempted, but only to the extent that the Plaintiff is seeking to recover for damage to property other than the Shingles themselves.[32]

### C. Equitable Estoppel

In his Complaint, the Plaintiff claimed that the Defendant was equitably estopped from arguing that the Plaintiff's claims are time-barred. The Defendant, in its Motion to Dismiss, argues that the Plaintiff's allegations do not support an equitable estoppel argument. The Plaintiff correctly points out that there is no reason for the Court to resolve this issue now.[33] In moving to dismiss, the Defendant does not argue that the Plaintiff's claims are time-barred. Thus, the Court need not address the

---

[30]   O.R.C. § 2307.71(A)(13)(emphasis added).

[31]   See O.R.C. § 2307.72(C) ("Any recovery of compensatory damages for economic loss based on a claim that is asserted in a civil action, other than a product liability claim, is not subject to sections 2307.71 to 2307.79 of the Revised Code, but may occur under the common law of this state or other applicable sections of the Revised Code."); Huffman v. Electrolux N. Am., Inc., 961 F. Supp. 2d 875, 880-82 (N.D. Ohio 2013) (concluding that a plaintiff may pursue both an OPLA claim and a common law claim to recover for economic loss).

[32]   Def.'s Reply in Supp. of Mot. to Dismiss, at 13; Pl.'s Resp. to Mot. to Dismiss, at 12-15.

[33]   Pl.'s Resp. to Mot. to Dismiss, at 20.

merits of the Plaintiff's equitable estoppel and tolling arguments at this stage of the litigation.

## IV. Conclusion

For these reasons, the Court GRANTS in part and DENIES in part the Defendant Atlas Roofing Corporation's Motion to Dismiss [Doc. 2].

SO ORDERED, this 17 day of June, 2014.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge