IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE ATLAS ROOFING CORPORATION CHALET SHINGLE PRODUCTS LIABILITY LITIGATION | MDL DOCKET NO. 2495<br>1:13-md-2495-TWT |
| BRIAN DAVID SELTZER<br>on behalf of himself and all others similarly situated,<br>    Plaintiff,<br>        v.<br>ATLAS ROOFING CORPORATION,<br>    Defendant. | CIVIL ACTION FILE<br>NO. 1:13-CV-4217-TWT |

**OPINION AND ORDER**

This is a multi-district class action arising out of the marketing and sale of allegedly defective roofing shingles. It is before the Court on the Plaintiff Brian David Seltzer's Motion for Leave to Amend the Complaint and to Intervene a Substitute Class Representative [Doc. 37]. For the reasons set forth below, the Plaintiff's Motion for Leave to Amend the Complaint and to Intervene a Substitute Class Representative [Doc. 37] is DENIED.

## I. Background

The Plaintiff Brian Seltzer is a purchaser of the Atlas Shingles, which are designed, manufactured, and sold by the Defendant Atlas Roofing Corporation.[1] The Plaintiff claims that the Shingles are defective due to a flaw in the manufacturing process. The Plaintiff filed a class action lawsuit, asserting multiple claims based on the allegedly defective Shingles. The Plaintiff now seeks leave to file an amended complaint so to intervene Catherine Grieve as the potential class representative. The stated reason for the substitution is that Seltzer has already removed the Shingles from his roof and replaced them.[2] Grieve's home still has the Shingles installed.[3] Thus, according to the Plaintiff, the interests of the putative class would be better served with Grieve as the class representative. The Defendant counters that the motion is inappropriate. The Defendant argues that Grieve "makes no attempt to explain why she could not adequately protect her interests unless she is allowed to assume and prosecute Mr. Seltzer's uncertified claims."[4]

---

[1] Am. Compl. ¶ 19.

[2] Pl.'s Mot. to Amend and Intervene, at 2.

[3] Id.

[4] Def.'s Resp. Br., at 2.

## II. Discussion

Federal Rule of Civil Procedure 15(a)(2) provides that the court "should freely give leave when justice so requires."[5] Because leave to amend is to be freely given, there must be a substantial reason to deny the motion.[6] Substantial reasons justifying denial include "(1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile."[7] It is within the sole discretion of the court to grant a leave to amend.[8]

The Court finds that the Plaintiff has failed to demonstrate that justice requires granting the motion for leave to amend. Courts generally deny motions to add or substitute class representatives prior to class certification.[9] For example, in Bailey v.

---

[5] FED. R. CIV. P. 15(a)(2).

[6] Foman v. Davis, 371 U.S. 178, 182 (1962); Laurie v. Alabama Ct. of Crim. App., 256 F.3d 1266, 1274 (11th Cir. 2001).

[7] Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

[8] Best Canvas Prods. & Supplies, Inc. v. Ploof Truck Lines, Inc., 713 F.2d 618, 622 (11th Cir. 1983).

[9] See, e.g., Garcia v. Lane Bryant, Inc., No. 1:11cv01566 LJO DLB, 2012 WL 293544, at *4-6 (E.D. Cal. Jan. 31, 2012) (denying motion to amend the complaint so to substitute the named plaintiff because there was not even a pending

Cumberland Casualty and Surety, Co., the Eleventh Circuit held that the magistrate court did not abuse its discretion by denying the putative class the opportunity to name an additional lead plaintiff.[10] The court emphasized the difference between a putative class and a certified class. A putative class does not maintain a separate legal status, but "once certified, a class acquires a legal status separate from that of the named plaintiffs."[11] The court also noted that the putative class members were not prejudiced by the lower court's denial because their individual claims were tolled at the time the class action was filed.[12] As in Bailey, the Court finds that justice does not require granting a leave to amend based on the putative class representative's *potential* shortcomings. The Plaintiff counters by citing several cases in which he claims the courts have substituted class representatives prior to class certification. However, the Court finds that these cases are distinguishable.[13]

---

motion for class certification); Barnes v. First Am. Title Ins. Co., 473 F. Supp. 2d 798, 802 (N.D. Ohio 2007) (denying leave to amend the complaint to substitute the putative class representative).

[10] 180 F. App'x 862, 865 (11th Cir. 2006).

[11] Id. (quoting Birmingham Steel Corp. v. TVA, 353 F. 3d 1331, 1336 (11th Cir. 2003)).

[12] Id.

[13] See, e.g., Kilgo v. Bowman Transp., Inc., 87 F.R.D. 26, 28-29 (N.D. Ga. 1980) (allowing substitution of the class representative at the same time as conditionally certifying the class action); Phillips v. Ford Motor Co., 435 F.3d 785,

Next, Grieve seeks intervention under Federal Rule of Civil Procedure 24. For intervention of right, the applicant "must claim[] an interest relating to the property or transaction which is the subject of the action."[14] Grieve clearly does not have an interest relating to the property or transaction based on Mr. Seltzer's Shingles or home. As for permissive intervention, it is appropriate when the applicant "has a claim or defense that shares with the main action a common question of law or fact."[15] Permissive intervention must also be timely.[16] At the time of the motion's filing, the case already had one round of dispositive motions. Moreover, permissive intervention is generally not an appropriate mechanism through which to substitute a putative class representative.[17] The Court, therefore, will deny Grieve's attempt to intervene.

---

787 (7th Cir. 2006) (allowing substitution of a putative named plaintiff after *all* the original putative named plaintiff's claims had been dismissed); Wright v. American Bankers Life Assurance Co. of Fla., 586 F. Supp. 2d 464, 475 (D.S.C. 2008) (allowing a substitution of a class representative of a certified class).

[14] FED. R. CIV. P. 24(a).

[15] FED. R. CIV. P. 24(b).

[16] Id.

[17] See Etters v. Bennett, No.5:09-CT-3187-D, 2011 WL 3320489, at * 3 (E.D.N.C. Aug. 1, 2011).

## III. Conclusion

For the reasons set forth above, the Plaintiff Brian David Seltzer's Motion for Leave to Amend the Complaint and to Intervene a Substitute Class Representative [Doc. 37] is DENIED.

SO ORDERED, this 8 day of June, 2017.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge